**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

TANNER JAI CROOK,
ADC #660328                                                                                    PLAINTIFF

4:20CV00306-BRW-JTK

CRAIG, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    Introduction

Plaintiff Tanner Crook is a state inmate incarcerated at the Delta Regional Unit of the Arkansas Division of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging failure to protect and inadequate medical care and treatment. (Doc. No. 1) After Plaintiff filed an Amended Complaint limited to his allegation of inadequate medical care, the Court dismissed Defendants Craig, Kelley, and Anderson. (Doc. No. 14)

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts on the issue of exhaustion, filed by remaining Defendant Trice. (Doc. Nos. 23-25).  Plaintiff requested four Motions for Extension of Time to respond. (Doc. Nos. 26, 28, 32, 34) The last extension of sixty days was granted on December 4, 2020, and as of this date, Plaintiff has not responded.

## II.    Amended Complaint (Doc. No. 8)

Plaintiff alleged that Defendant Trice is in charge of scheduling doctor appointments and

tests, and failed to promptly schedule an x-ray of his injured jaw until he wrote a grievance five days later. She then responded the next day and Plaintiff received an x-ray showing a fractured jaw. However, Defendant then lied to Plaintiff when she told him he would undergo surgery that same day, and he waited another seven days for his surgery.

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).    "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"    Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).    "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"    Id. at 1135.    Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."    Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.    Failure to properly support or address the moving

party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e).

The Court finds that Defendant's Motion should be granted, based on Plaintiff's failure to exhaust his administrative remedies prior to filing his lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 19-34 (Doc. No. 25-1, pp. 4-23) and the Prison Litigation Reform Act, 42 U.S.C.§1997e. Defendants present the Declaration of Jacqueline M. Buterbaugh, the ADC Medical Grievance Supervisor, who explained the ADC grievance procedure as a three-step process, beginning with an informal grievance which must be filed within fifteen days of the date of the incident/occurrence. (Doc. No. 25-1, p. 1) This informal grievance must specifically name each individual involved and be specific as to the substance of the issue, including the date, place, and personnel involved. (Id.) If the inmate is not satisfied with the informal response, he may proceed to step two by filing a formal grievance. (Id., p. 2) Grievances which involve medical issues are forwarded to appropriate medical personnel for response, and if the inmate is not satisfied with the response, he may appeal to the Deputy Director. (Id.) Once the Deputy Director has issued a response on the merits, the grievance process is deemed exhausted. (Id.) Buterbaugh reviewed Plaintiff's grievance history and found that Plaintiff did not file or fully exhaust any grievance prior to her review on June 22, 2020. (Doc. No. 25-1, p. 3)

Based on this Declaration and absent a Response from Plaintiff, the Court finds that Defendant's Motion should be granted.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

    In this case, the ADC grievance policy in effect clearly instructs inmates to exhaust administrative remedies at all levels of the grievance procedure before filing a § 1983 lawsuit. (Doc. No. 25-1, p. 22)  Defendant provided proof that Plaintiff did not exhaust; therefore, the Motion should be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment on the issue of exhaustion (Doc. No. 23) be GRANTED, and Plaintiff's complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 3rd day of March, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE